1   TRISH M. HIGGINS (State Bar No. 119215)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
2   400 Capitol Mall, Suite 3000
    Sacramento, CA  95814-4497
3   Telephone:     916-447-9200
    Facsimile:     916-329-4900
4
    MICHAEL D. WEIL (State Bar No. 209056)
5   THOMAS A. HARVEY (State Bar No. 235342)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
6   The Orrick Building
    405 Howard Street
7   San Francisco, CA  94105-2669
    Telephone:     415-773-5700
8   Facsimile:     415-773-5759

9   Attorneys for Defendant
    Morgan Stanley & Co., Inc.
10  (f/k/a Morgan Stanley DW, Inc.)

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

15
    FISHER INVESTMENTS, INC., a California      Case No.  C 07 2547 JCS
16  corporation,
                                                **DEFENDANT MORGAN STANLEY
17                      Plaintiff,              & CO., INC.'S (F/K/A MORGAN
                                                STANLEY DW, INC.) NOTICE OF
18          v.                                  MOTION AND MOTION TO
                                                DISMISS COMPLAINT PURSUANT
19  MORGAN STANLEY DW, INC., a                  TO F.R.C.P. 12(b)(6);
    Delaware corporation, and DOES 1-10,        MEMORANDUM OF POINTS AND
20  inclusive,                                  AUTHORITIES IN SUPPORT
                                                THEREOF**
21                      Morgan Stanley.
                                                Date:     May 9, 2008
22                                              Time:     10:00 a.m.
                                                Dept.:    1
23                                              Judge:    The Honorable Samuel Conti

24

25

26

27

28

OHS West:260230905.1

DEFENDANT MORGAN STANLEY & CO., INC.'S
(F/K/A MORGAN STANLEY DW, INC.) 12 (B)(6)
MOTION TO DISMISS  (CASE NO.  C 07 2547 JCS)

1
**NOTICE OF MOTION AND MOTION**

2
**TO PLAINTIFF FISHER INVESTMENTS, INC. AND ITS ATTORNEYS OF**

3
**RECORD:**

4
     PLEASE TAKE NOTICE that on May 9, 2008 at 9:00 a.m., or as soon thereafter as the

5
matter may be heard, before the Honorable Samuel Conti, Courtroom 1, United States District

6
Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Morgan

7
Stanley & Co., Inc. (formerly known as Morgan Stanley DW, Inc.) ("Morgan Stanley") will and

8
hereby does move, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing

9
plaintiff Fisher Investments, Inc.'s ("Fisher") Second, Third, Fourth, and Fifth Causes of Action

10
for failure to state a claim upon which relief can be granted. Specifically, Morgan Stanley seeks

11
an order dismissing Plaintiff's claims for intentional interference with business relations;

12
violation of Business and Professions Code section 17200 (unfair competition); unjust

13
enrichment; and conversion. Each of these causes of action are preempted by the Uniform Trade

14
Secrets Act and, accordingly, the Court should dismiss them with prejudice because they are

15
incurable. The motion is based on this Notice, the accompanying Memorandum of Points and

16
Authorities, all allegations in the Complaint, any request for judicial notice, oral argument at the

17
hearing, and any other matter which the Court deems appropriate.

18
**MEMORANDUM OF POINTS AND AUTHORITIES**

19
**I.    INTRODUCTION**

20
     Though this civil action is at its core one for misappropriation of trade secrets, Plaintiff

21
Fisher Investments, Inc. ("Fisher") has asserted various duplicative and collateral claims against

22
Defendant Morgan Stanley & Co., Inc. ("Morgan Stanley") that add nothing to this litigation and

23
must be dismissed as a matter of law. Because Fisher's causes of action for interference with

24
business relations, unfair competition, unjust enrichment, and conversion rest upon the same

25
nucleus of operative facts that support Fisher's trade secret misappropriation claim, they are

26
preempted by the California Uniform Trade Secrets Act and must be dismissed. Further, Fisher's

27
causes of action for unfair competition and conversion also must be dismissed with prejudice

28
because they fail as a matter of law for reasons independent of preemption and they are not

DEFENDANT MORGAN STANLEY & CO., INC.'S
(F/K/A MORGAN STANLEY DW, INC.) 12 (B)(6)
MOTION TO DISMISS (CASE NO. C 07 2547 JCS)

1    curable.

2    **II.     STATEMENT OF FACTS**

3             On April 12, 2007, Fisher filed this action against Morgan Stanley, alleging five causes of

4    action: (1) Misappropriation of Trade Secrets and Confidential Information; (2) Interference with

5    Business Relations; (3) Unfair Competition; (4) Unjust Enrichment; and (5) Conversion.  Morgan

6    Stanley timely removed this action to the instant Court.  The gravamen of Fisher's claim is that

7    Morgan Stanley knowingly hired one of Fisher's former salespeople, David Allen "Ike" Klauka,

8    who then used Fisher's alleged trade secret and confidential customer information to solicit Fisher

9    clients while at Morgan Stanley.  Cmplt. ¶¶ 20–29.  Based upon this allegation – and only this

10   allegation – Fisher asserts not only a cause of action under California Uniform Trade Secrets Act

11   ("UTSA"), but also the four additional causes of action identified above.

12   **III.    ARGUMENT**

13            **A.     Motion to Dismiss Standard**

14            Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint fails to

15   state a claim upon which relief can be granted.  "Dismissal can be based on the lack of a

16   cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

17   *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  For both of these reasons,

18   Plaintiff's Second, Third, Fourth, and Fifth Causes of Action should be dismissed.

19            **B.     The California Uniform Trade Secrets Act Preempts Fisher's Second, Third,
                        Fourth, and Fifth Causes of Action.**

20
         The broad language of the UTSA preempts all causes of action which, like plaintiff's

21   claims for interference with business relations, unfair competition, unjust enrichment, and

22   conversion, are predicated on allegations of trade secret misappropriation.  Under a well-

23   established body of case law, Fisher's Second, Third, Fourth, and Fifth causes of action cannot

24   stand and must be dismissed.

25

26                     **1.     The UTSA Preempts All Causes Of Action That Are Based On
                                Allegations Of Trade Secret Misappropriation.**

27            A statute has preemptive effect when it appears that "the Legislature intended to cover the

28   entire subject or, in other words, to 'occupy the field.'  *I.E. Associates v. Safeco Title Insurance*

1   *Co.*, 39 Cal. 3d 281, 285 (1985) (citation omitted).  The UTSA provides a comprehensive and

2   detailed scheme to regulate claims of alleged misuse of confidential information.  According to a

3   California court, "[t]he stated purpose of the UTSA is to provide unitary definitions of trade

4   secret and trade secret misappropriation, and a single statute of limitations for the various

5   property, quasi-contractual, and violation of fiduciary relationship theories of noncontractual

6   liability utilized at common law."  *American Credit Indemnity Co. v. Sacks*, 213 Cal. App. 3d

7   622, 630 (1989) (internal quotation marks and citation omitted).

8       The preemptive effect of the UTSA is defined in the Civil Code as follows:

9
10   *This title does not affect* (1) contractual remedies, whether or not based upon misappropriation of a trade secret, (2) *other civil remedies that are not based upon misappropriation of a trade secret*, or (3) criminal remedies, whether or not based upon misappropriation of a trade secret.
11

12   Cal. Civ. Code § 3426.7(b) (emphasis added).  A plain reading of section 3426.7(b) indicates that

13   the UTSA forecloses all non-contractual civil causes of action that are based upon allegations of

14   trade secret misappropriation.  *See Acculmage Diagnostics Corp. v. TeraRecon, Inc.*, 260 F. Supp.

15   2d 941, 953 (N.D. Cal. 2003).

16       California federal district courts have consistently concluded that the California UTSA

17   manifests a legislative intent to preempt all other claims that are based on alleged trade secret

18   misappropriation.  *See, e.g., First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 2007

19   U.S. Dist. LEXIS 67941, at *14 (N.D. Cal. September 5, 2007) (decision by Judge

20   Conti); *Monolithic Power Systems, Inc. v. O2 Micro International Ltd.*, 2007 US. Dist. LEXIS

21   22556 (N.D. Cal. March 14, 2007); *MDTV Medical News, Inc. v. Weinstock*, 2007 U.S. Dist.

22   LEXIS 8806, at *10 (S.D. Cal. February 6, 2007) (USTA preempts claims for breach of

23   confidentiality and loyalty and conversion); *Acculmage*, 260 F. Supp. 2d at 953 (finding that

24   UTSA "totally supersede[s] and replace[s] common law dealing with the subject matter")

25   (internal quotation marks and citation omitted); *Airdefense, Inc. v. Airtight Networks, Inc.*, 2006

26   U.S. Dist. LEXIS 55364, at * 11 (N.D. Cal. July 26, 2006) (claims based on the same factual

27   allegations as the claim for misappropriation of trade secrets are preempted); *Digital Envoy, Inc.*

28   *v. Google, Inc.*, 370 F. Supp. 2d 1025, 1034 (N.D. Cal. 2005).  This conclusion is also consistent

1  with a vast body of other authority applying the UTSA.[1]  In short, it is clear that "the UTSA

2  occupies the field in California." *Acculmage*, 260 F. Supp. 2d at 954.

3  **2.    The UTSA Preempts Fisher's Interference with Business Relations Claim.**

4

5         In its Second Cause of Action, Fisher asserts a claim for interference with business

6  relations.  Courts have specifically held that the UTSA preempts a claim for interference with

7  business relations when that claim is predicated upon the same facts as the UTSA claim.  *See*

8  *Thomas & Betts Corp. v. Panduit Corp.*, 108 F. Supp. 2d 968, 974 (N.D. Ill. 2000) (interference

9  with business relations claim preempted by Illinois Trade Secret Act because it was "based on the

10 very same allegations that form the basis of [plaintiff's] misappropriation of trade secrets claim");

11 *Greif Inc v. MacDonald*, 2007 U.S. Dist. LEXIS 14617 (W.D. Ky. March 1, 2007); (explaining

12 that "claims of unfair competition, tortious interference, breach of fiduciary duty, and civil

13 conspiracy are preempted to the extent that they are based upon the misappropriation of trade

14 secrets"); *Fedders Corp. v. Haier Am. Trading, LLC*, 2002 U.S. Dist. LEXIS 5879 (S.D.N.Y

15 2002), at *12 (same).

16        Here, Fisher's interference with business relations claim is based upon in the same facts as

17 those supporting its UTSA claim.  First, Fisher's claim incorporates by reference the facts upon

18 which Fisher bases its UTSA claim.  Without any further meaningful allegations, Fisher then

19 contends in conclusory fashion that Morgan Stanley has interfered with its business relations by

20 "committing the wrongful acts set forth in detail above." Cmplt. ¶ 49.  Fisher's interference with

21 business relations claim thus based on the same allegations as the its UTSA claim and is therefore

22 preempted and should be dismissed with prejudice.  *Airdefense*, 2006 U.S. Dist. LEXIS 55364, at

23 *11.

24

25 ---

[1] *See, e.g., Convolve Inc. v. Compaq Comper Corp.*, 2006 U.S. Dist. LEXIS ("[T]he California UTSA, like other UTSAs, preempts all claims based on misappropriation of trade secrets that are non specifically exempted by its § 3426.7(b) savings clause."); *Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 318 F. Supp. 2d 216, 219 (D. Del. 2004) (explaining that UTSA "preempts common law claims that 'are based on misappropriation of a trade secret') (citation omitted); *see also 1 Milgrim on Trade Secrets* § 1.01[3][a] (2006) ("If the other claims are no more than a restatement of the same operative facts which would plainly and exclusively spell out only trade secret misappropriation, then dressing those claims up in different clothing is not likely to be found consistent with the preempting dictates of UTSA.").

DEFENDANT MORGAN STANLEY & CO., INC.'S (F/K/A MORGAN STANLEY DW, INC.) 12 (B)(6) MOTION TO DISMISS (CASE NO. C 07 2547 JCS)

3.    **The UTSA Preempts Fisher's Unfair Competition Claim**

In its Third Cause of Action, Fisher purports to plead a claim for unfair competition under section 17200 of the California Business and Professions Code.  The preemptive reach of the UTSA extends to statutory causes of action for unfair business practices that are predicated on allegations of trade secret misappropriation.  *See Digital Envoy*, 370 F. Supp. 2d at 1034-1035 (ruling that UTSA preempted common law unfair business practices claim that was "based on the identical nucleus of facts as those alleged in the [trade secret] misappropriation claim"); *Ernest Paper Products, Inc. v. Mobil Chemical Co.*, 1997 U.S. Dist. LEXIS 21781, at *28 (C.D. Cal. Dec. 2, 1997) (finding that UTSA preempted statutory unfair competition claim that was based on same allegations as cause of action for trade secret misappropriation); *Convolve*, 2006 U.S. Dist. LEXIS 13848, at *28-29 (granting summary judgment for defendants where plaintiffs' cause of action for unfair competition under Cal. Bus. & Prof. Code § 17200 arose "out of the same nucleus of operative facts as its misappropriation of trade secrets claim" and was therefore "preempted under the California UTSA").

Fisher's unfair competition claim is grounded in the same nucleus of operative facts as its trade secret misappropriation claim and is therefore preempted.  As the basis for this claim, Fisher first incorporates by reference the facts it asserts in support of its misappropriation cause of action.  Cmplt. ¶ 54.  Next, Fisher repeats its assertions of misappropriation and alleges that because these actions violate the UTSA, they "therefore constitute unlawful business practices within the meaning of Business and Professions Code sections 17200 *et seq.*" *Id.* ¶ 55.  Finally, Fisher again asserts that Morgan Stanley has received trade secret and confidential information. *Id.* ¶ 56.  In sum, Fisher alleges no facts to support its unfair competition cause of action other than those it asserts as part of its trade secret misappropriation claim.  Because there is no material distinction between the wrongdoing alleged in the unfair competition claim and that alleged in the misappropriation of trade secrets claim, Fisher's third cause of action fails as a matter of law and should be dismissed *with* prejudice.  *See First Advantage*, 2007 U.S. Dist. LEXIS 67941, at *14 (dismissing Business & Professions section 17200 claim *with* prejudice).

1

### 4.    The UTSA Preempts Fisher's Unjust Enrichment Claim.

2    In its Fourth Cause of Action, Fisher asserts a claim for unjust enrichment.  Courts have

3    held that the UTSA preempts an unjust enrichment claim that is predicated, as it is here, on the

4    same facts alleged to support a trade secret misappropriation claim.  *See Digital Envoy*, 370 F.

5    Supp. 2d at 1035 ("California's statute . . . preempts [plaintiff's] claim[] for . . . unjust enrichment

6    since [that claim is] based on the same nucleus of facts as the misappropriation of trade secrets

7    claim for relief); *Callaway Golf*, 318 F. Supp. 2d at 219–220 (concluding that UTSA superseded

8    unjust enrichment claim that was "based entirely on the same factual allegations that form the

9    basis of [plaintiffs] trade secrets claim").

10    The facts Fisher pleads in its unjust enrichment claim are materially indistinguishable

11    from those that Fisher alleges in its claim for misappropriation of trade secrets.  In support of the

12    unjust enrichment claim, Fisher again incorporates by reference the paragraphs of its UTSA

13    claim.  Cmplt. ¶ 39.  Fisher then asserts that "as a result of the wrongful acts alleged above,"

14    Morgan Stanley was unjustly enriched.  *Id.* ¶ 60.  Fisher fails to identify any unjust enrichment

15    separate and apart from whatever benefit Morgan Stanley gained from the alleged

16    misappropriation of its trade secrets.  Because Fisher "merely restates the operative facts" it

17    pleads to support its misappropriation claim, the UTSA preempts the fourth cause of action, and it

18    should be dismissed with prejudice.  *See Callaway Golf*, 318 F. Supp. 2d at 220–21.

19

### 5.    The UTSA Preempts Fisher's Conversion Claim.

20    In its Fifth Cause of Action, Fisher attempts to state a cause of action for conversion.

21    However, this claim is based on the same nucleus of operative facts as Fisher's First Cause of

22    Action for Misappropriation of Trade Secrets.  Fisher alleges in conclusory terms that "[t]he

23    conduct of the named Morgan Stanley, and each of them, constitutes conversion of Plaintiffs'

24    property."  The only "property" that Fisher contends that Morgan Stanley converted is the

25    allegedly proprietary and trade secret information identified in Fisher's First Cause of Action for

26    trade secret misappropriation.  Because Fisher does not, and cannot, identify any other property at

27    issue, Fisher's Fifth Cause of Action is preempted by the UTSA and must be dismissed with

28    prejudice.  *See MDTV Medical News, Inc. v. Weinstock*, 2007 U.S. Dist. LEXIS 8806, at *10–11

1  (S.D. Cal. February 6, 2007) (California UTSA preempts claims for conversion); *Airdefense*,

2  2006 U.S. Dist. LEXIS 55364 at *11 (N.D. Cal. July 26, 2006) (same); *Callaway Golf Co. v.*

3  *Dunlop Slazenger Group Ams., Inc.*, 318 (same).

4      **C.    Fisher's Third Cause of Action Fails As A Matter Of Law.**

5         In addition to being preempted by the UTSA, Fisher's third cause of action for unfair

6  competition under California Business and Professions Code § 17200 is legally defective because

7  it does not allege that Morgan Stanley engaged in any "unfair" practices other than what it asserts

8  in its trade secret misappropriation cause of action.

9         Business & Professions Code § 17200 prohibits "unfair competition," which it defines to

10  mean "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code

11  § 17200.  Fisher alleges that Morgan Stanley engaged in "***unfair*** competition" in violation of the

12  California Business and Professions Code.  Cmplt.  ¶ 55.  To state a claim under the "unfair"

13  prong of the statute, Plaintiff must allege conduct that is "tethered to some legislatively declared

14  policy or proof of some actual or threatened impact on competition." *Id.* at 186–187; *see Schnall*

15  *v. Hertz Corp.*, 78 Cal. App. 4th 1144, 1166 (2000) (stating that "any claims of unfairness under

16  [section 17200] should be defined in connection with a legislatively declared policy").  An unfair

17  competition claim that fails to identify the underlying violation is legally insufficient. *See Khoury*

18  *v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993) (affirming dismissal without leave

19  to amend where plaintiff failed "to describe with any reasonable particularity" facts supporting

20  unfair competition claim).

21         Fisher pleads no facts to suggest that Morgan Stanley did anything "unfair." Instead, it

22  seeks to hold Morgan Stanley liable for unfair competition solely based on Morgan Stanley's

23  alleged misappropriation of trade secrets.  As is set forth in this motion, the UTSA cannot serve

24  as the basis for a section 17200 claim because the trade secrets statute is, by its very terms,

25  exclusive.  Fisher does not identify any other legislative enactment from which to borrow or to

26  which to tether its unfair business practices claim.  Fisher cannot base its cause of action on some

27  unpled conduct that it subjectively believes is unfair.  *See Cel-Tech Communications v. L.A.*

28  *Cellular Tel. Co.*, 20 Cal. 4th 163, 182 ("Although the unfair competition law's scope is

DEFENDANT MORGAN STANLEY & CO., INC.'S (F/K/A MORGAN STANLEY DW, INC.) 12 (B)(6) MOTION TO DISMISS (CASE NO. C 07 2547 JCS)

1  sweeping, it is not unlimited.  Courts may not simply impose their own notions of the day as to

2  what is fair or unfair.").  For this additional reason, this claim must be dismissed.

3       **D.**    **<u>Plaintiff's Fifth Cause of Action Fails As A Matter Of Law.</u>**

4         Even if not preempted, the Court should dismiss Fisher's Fifth Cause of Action for

5  conversion because Fisher fails to allege that it lost possession, or did not retain copies, of the

6  trade secrets or information that Morgan Stanley allegedly misappropriated or that it was deprived

7  of the beneficial use of the trade secret or information.  *See VSL Corp. v. General Techs.*, 44

8  U.S.P.Q.2d 1301 (N.D. Cal. 1997) (granting summary adjudication of conversion claim because

9  plaintiff retained copies of documents that defendant improperly used and was not deprived of the

10  beneficial use of them); *FMC Corp. v. Capital Cities/ABC, Inc.*, 915 F.2d 300, 303–304 (7th Cir.

11  1990) (applying California law and holding that "the receipt of copies of documents, rather than

12  the documents themselves, should not ordinarily give rise to a claim for conversion").[2]  Thus, the

13  conversion cause of action fails to state facts sufficient to constitute a cognizable cause of action.

14  **IV.**    **<u>CONCLUSION</u>**

15         For the foregoing reasons, Morgan Stanley respectfully submits that the Court must

16  dismiss Fisher's Second, Third, Fourth, and Fifth Causes of Action *with* prejudice.

17

18  Dated: March 7, 2008              TRISH M. HIGGINS
                               MICHAEL D. WEIL

19                                 THOMAS A. HARVEY
                               ORRICK, HERRINGTON & SUTCLIFFE LLP

20

21                                 By:_____/s/_____
                                        Michael D. Weil

22                                      Attorneys for Defendant
                                    Morgan Stanley & Co., Inc.

23                                      (f/k/a Morgan Stanley DW, Inc.)

24

---

25  [2] "Where the owner still retains originals or other copies of documents another improperly uses the owner is not deprived of the beneficial use of the information" a conversion claim cannot stand.  *VSL Corp. v.*

26  *General Techs.*, 44 U.S.P.Q.2d 1301 (N.D. Cal. 1997).  "The reason for this rule is that the possession of copies of documents—as opposed to the documents themselves—does not amount to an interference with the owner's property sufficient to constitute conversion.  In cases where the alleged converter has only a

27  copy of the owner's property and the owner still possess the property itself, the owner is in no way being deprived of the use of his property."  *FMC Corp.*, 915 F.2d at 303–304 (internal quotations and citations

28  omitted).